## POLICE JURY OF RAPIDES *v.* HUIE.

To authorize the collection of the special tax, imposed upon certain lands subject to inundation in the parish of Rapides, by the statute of 27 February, 1845, the tax must be imposed at a certain rate upon the assessed value of the inundated lands. the statute authorizing no other basis.  And where an assessment was made by two assessors appointed by the police jury, but never advertised. and plaintiffs offer no proof that any notice of the assessment, or of the proceedings in relation to it, was ever given to the owners of the land on which the tax was imposed, the tax cannot be recovered.  The assessment roll and the report of the assessors are proof only of the facts that they were made as they appear to be; they are not evidence of notice to the party assessed, nor of any other fact at issue between the parties.

APPEAL from the District Court of Rapides, *Cushman,* J.  *O. N. Ogden,* for the appellants.  *Elgee* and *Hyams,* for the defendant.  The judgment of the court was pronounced by

EUSTIS, C. J.  The petition states that, the defendant is indebted to the plaintiffs in the sum of $624 25, being his proportion of a special land tax of twenty-four hundredths per cent, levied by the police jury of Rapides, in accordance with an act of the legislature of 1845, authorising them to impose a special tax on all lands north of Red river, inundated by the overflowing of the same, the defendant owning in the district in which said land tax was levied 320 acres of cleared land, valued at $15 the acre, and 1000 acres of woodland, valued at $10

POLICE JURY
v.
HUIE.

the acre; making the amount due by him the sum demanded in the petition. The answer presents several points of defence, which involve questions of the gravest character. One of them is, that the plaintiffs cannot recover in the present action, because no lawful assessment of the tax has been made. It is on this point that we shall decide the case, which supersedes the necessity of enquiring as to the validity of the others. The jury which tried this case in the court below could not agree, and a *pro formâ* verdict was rendered for the defendant. Judgment was rendered accordingly, and the plaintiffs have appealed.

The statute under which this tax is imposed is to this effect: "That the police jury of the parish of Rapides shall be, and they are hereby authorised to impose a special tax upon all lands inundated by the overflowing of the waters of Red river, for the purpose of constructing embankments across all bayous connecting with said river; the said tax to be imposed upon districts to be laid off by the Police Jury at a rate per cent upon the assessed value of said inundated lands, but no district so laid off shall be taxed for the benefit of another; this act to expire on the 1st of April, 1846. Acts of 1845, ch. 37, p. 16. It is by virtue of this statute that the right to impose this tax by the Police Jury is asserted, and to maintain this right, so as to enable the plaintiffs to recover the amount of the tax against the owners whose lands are subjected to it, a compliance with its provisions must be shown. The tax must be laid at a rate per cent on the assessed value of the inundated lands, the statute authorising no other basis than the assessed value, and limiting the power of the Police Jury to this standard.

It is obvious, then, that an assessment was necessary in order to give any legal effect to this tax. Was the assessment made under the authority of the State, on which the general and state taxes are collected, to serve for this special tax, or was a new assessment to be made by the Police Jury? The latter proposition is maintained by the counsel for the plaintiffs, who contends that under this law the Police Jury has the authority to make it, and that such a one has been made in relation to this tax as complies with the requisites of the law.

The assessment which is before us purports to be made by assessors, appointed by the Police Jury. The assessment was not advertised, and no notice of the assessment, or of the proceedings in relation to it, is proved to have been given to the parties upon whose lands the tax was to be imposed. This issue was directly made under the answer of the defendant, and it was incumbent on the plaintiffs to establish affirmatively, by legal evidence, those facts necessary to enable them to recover the amount in the form in which they have sued. The tax was laid according to the assessment roll made by these assessors, and on each of the several tracts of land maintained therein as subject to inundation.

Confining ourselves to the question as to the validity of the assessment without advertisement or any legal notice, we are at a loss for any grounds on which it can be supported. It is said that the assessment, and the return. or report, of the assessors, contains proof of notice, and that, as the ordinance of the Police Jury under which the assessment was made required the assessors to administer oaths to the proprietors of land in the district to be taxed as to the extent of their land overflowed in the year 1844, the report of the assessors as to the fact of their refusal to take the oath, or having taken it, is *primâ facie* evidence of notice. But to this view of the subject we cannot accede. We think ·

the assessment roll and report prove only that they were made as they appear <span style="float:right">POLICE JURY</span> to be, but are evidence of no other fact which is in issue between the parties <span style="float:right">*v.*<br>HUIE.</span> under the pleadings.

To authorise the imposition of a tax, without a previous assessment, or affording to the tax payer an opportunity of contesting its legality in some form, is such a derogation from common right that a court cannot, in a doubtful case, suppose that it was intended by the legislature ; still less when the taxing power is granted to a municipal corporation.  If, as is contended by the counsel for the plaintiffs in this case, the assessment was to be made by the Police Jury, and no form is prescribed in which it was to be made, it would follow as the most reasonable consequence from this omission that the usual form of assessment required for state taxes should be observed, or at least that the parties to be affected by the tax should have full notice of the proceedings had in relation to it, and that the publicity by advertisement should be the protection of the land-holder against capricious or vexatious taxation.  A construction which would confer this arbitrary power on a municipal corporation, of taxation without notice or advertisement, we cannot give to the statute under consideration. The statute considers the contribution to be exacted from the owners of lands inundated as a tax, and requires it to be imposed on the assessed value.  It is placed in the category of taxes, and assessment is to be its foundation.  It is only a fair and reasonable implication that the legislature intended such an assessment should be made as should conform at least to the principles of the ordinary assessment of taxes imposed by the State on real property, and not according to the arbitrary will of a municipal body.

The mode of assessing the state taxes has been established by positive enactment ever since the organization of our state government, with the object of protecting the citizen, and providing for a just and conscientious distribution of the public burthens.  Even the form of the assessment roll is regulated by law, so that the humblest capacity can easily understand it.  It is, besides other formalities, required to be deposited in some place designated by previous public notice, for a number of days, during which all objections may be made to its correctness ; and the assessors are bound to hear and determine on the complaint of any person who may consider himself injured thereby, making such alterations in the assessment as the evidence exhibited may justify.  Our whole legislation is of this character, and if there is an exception to it, it is not within our knowledge.  Our jurisprudence has been uniform in its accordance with it. *The State Bank* v. *Seghers*, 6 Mart. 724.  *Hiriart* v. *Morgan*, 5 La. 45.  *Police Jury* v. *Hampton*, 5 Mart. N. S. 395.

It is proper to notice the facts disclosed by the testimony of the clerk of the Police Jury, by which the principles of the assessment law, as well as of what we consider the common right, have been set at nought in the proceedings of that body in relation to this tax   We have stated that we did not consider the report and assessment made by the two assessors, as evidence of the facts which they stated.   But if it were otherwise, it would fall far short of establishing a notice to the defendant of the proceedings by which his property was to be reached.   In the assessment, the quantity of cleared and wood land, and the value of each, is stated against the name of *James Huie*, with the appended words. *do. do.* under an entry made against a preceding name—*Refused to swear.*   The list of persons to be taxed is headed *Assessment Roll.*

The clerk of the Police Jury is the keeper of the minutes and records of that

POLICE JURY  body; he resides seven or eight miles from Alexandria; the ordinances of the
*v.*  police jury are advertised in no other way than by publishing them in the Red
HUIE.  River Republican; the assessment roll was not advertised by witness; he was
not ordered to advertise it; it was not advertised by any one as witness keows;
had he been ordered to advertise it, he should have done it; had it been adver-
tised by the authority of the Police Jury, he should have known it.   Never saw
it advertised in the public papers, or any where else.   The assessment roll was
returned to the Police Jury and received by them on the 8th December, 1845;
subsequently, upon examination, it was found to be defective; it was handed
back to the assessors, and afterwards returned by them to the Police Jury.   It
was in possession of the clerk—the witness whose testimony we are giving—
from the time it was last received, the 17th February, 1846, until after the in-
stitution of this suit, to the best of the recollection of the witness.   He did not
keep these papers at his residence in Rigolet, but kept them in a room provided
by the Police Jury, in the court house, in Alexandria; they were kept in a desk,
which had a lock, but no key; the room was locked; witness had one key, and an
officer of the police jury had another, but no custody of the papers; neither had
he any thing to do with them.   Witness has been residing in Rigolet, since 1845.

The ordinance imposing the tax refers, both as to the value of the lands and
those to be assessed, to the assessment made by *Meade* and *Bailey*, the asses-
sors, bearing date the 8th December, 1845, and thus makes it part of the or-
dinance.  Indeed it is the whole of it, with the exception of the enacting
clause.

We have to decide whether, under this state of facts, there is before us legal
and sufficient evidence that the tax mentioned in the plaintiffs' petition has been
imposed, at a rate per cent on the assessed value of said inundated lands, and
being of opinion that there is nothing before us which establishes that a legal
assessment has been made, it follows that the case of the plaintiffs is not
made out.

It becomes unnecessary to notice the other objections which may be made
against the right of the plaintiffs to impose and recover the amount of this tax,
except to observe that they merit the serious consideration of those who are
entrusted with the municipal affairs of this parish.

The judgment of the District Court is therefore affirmed, without prejudice,
and the appellants paying costs.